FILED
CLERK, U.S. DISTRICT COURT
9/14/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DIANA YVETTE WONG GROSS,<br>　aka "Diana Yvette Wong,"<br>　aka "Diana Yvette Russell,"<br><br>　　　　Defendant. | ED CR 5:23-cr-00183-MWF<br><br><u>I N D I C T M E N T</u><br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. § 1343]

A.　<u>INTRODUCTORY ALLEGATIONS</u>

　　At times relevant to this Indictment:

　　1.　Defendant DIANA YVETTE WONG GROSS, also known as ("aka") "Diana Yvette Wong," aka "Diana Yvette Russell," was a resident of Fontana, California.

　　2.　Victim Company M. is a company located in Upland, in San Bernardino County, within the Central District of California, co-owned by two individuals, Victim R.A. and Victim M.B.  Defendant

GROSS was employed by the Victim Company M. as a bookkeeper until her termination on or about October 7, 2021.

3. Victims R.A. and M.B. are authorized signatories on a Working Capital Management Money Account, custodied at Bank of America and opened through Merrill Lynch's Bank Deposit Program, held in the name of Victim Company M. ("Victim M. BoA Account"). Defendant GROSS was not an authorized signatory on any of Victim Company M.'s bank accounts, including the Victim M. BoA Account.

4. Defendant GROSS had a bank account at Bank of America ending in 8440, jointly held by defendant GROSS and S.G. ("GROSS BoA Account").

B. THE SCHEME TO DEFRAUD

5. Beginning on a date unknown to the Grand Jury, but no later than on or about January 2010, and continuing through at least on or about July 2021, in San Bernardino County, within the Central District of California, and elsewhere, defendant DIANA YVETTE WONG GROSS, also known as ("aka") "Diana Yvette Wong," aka "Diana Yvette Russell," knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud Victims R.A. and M.B., and Victim Company M., as to material matters, and to obtain money and property from the victims by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

6. The fraudulent scheme operated, and was carried out, in substance, in the following manner:

    a. Defendant GROSS would use her position as a bookkeeper at Victim Company M. to create fraudulent checks in the company name that were drawn on the Victim M. BoA Account;

b.      Defendant GROSS would forge victim R.A.'s signature on the fraudulently created checks without R.A.'s knowledge or authorization;

c.      Defendant GROSS would conceal the forged checks by falsifying business records, including entities in the Victim Company M.'s accounting books.

d.      Defendant GROSS would deposit the fraudulent checks into the GROSS BoA Account and use the stolen proceeds to make personal purchases and otherwise finance her lifestyle.

e.      In total, through this fraudulent scheme, defendant GROSS obtained at least approximately $3,834,966.34 from the Victim M. BoA Account to which she was not entitled.

C.      USE OF THE WIRES

7.      On or about the following dates, in San Bernardino County, within the Central District of California, and elsewhere, defendant GROSS, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of the following items by means of wire communication in interstate and foreign commerce:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| ONE | April 15, 2021 | Deposit of forged check number 26466, in the amount of $4,921.57, with Victim R.A.'s forged signature, drawn on the Victim M. BoA account, into the GROSS BoA account, at an ATM in Fontana, California, and communicated via server in Texas. |

3

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| TWO | April 16, 2021 | Deposit of forged check number 26418, in the amount of $5,781.29, with Victim R.A.'s forged signature, drawn on the Victim M. BoA account, into the GROSS BoA account, at an ATM in Fontana, California, and communicated via server in Texas. |
| THREE | April 19, 2021 | Deposit of forged check number 26470, in the amount of $6,431.87, with Victim R.A.'s forged signature, drawn on the Victim M. BoA account, into the GROSS BoA account, at an ATM in Fontana, California, and communicated via server in Texas. |
| FOUR | April 20, 2021 | Deposit of forged check number 26472, in the amount of $6,521.18, with Victim R.A.'s forged signature, drawn on the Victim M. BoA account, into the GROSS BoA account, at an ATM in Fontana, California, and communicated via server in Texas. |

COUNT FIVE

[18 U.S.C. § 1028A(a)(1)]

On or about April 15, 2021, in San Bernardino County, within the Central District of California, and elsewhere, defendant DIANA YVETTE WONG GROSS, also known as ("aka") "Diana Yvette Wong," aka "Diana Yvette Russell," knowingly possessed and used, without lawful authority, a means of identification that defendant GROSS knew belonged to another person, namely, the name of victim R.A., during and in relation to the offense of Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count One of this Indictment.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Five of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

　　(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

　　(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                                  A TRUE BILL

                                                  /S/
                                                Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

ALIX MCKENNA
Assistant United States Attorney
General Crimes Section